### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LATONYA JACKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT HEINZ FOODS COMPANY,<br><br>Defendant. | Case No. 1:21-cv-05219<br><br>Hon. Charles R. Norgle |

### ORDER

Defendant's motion to dismiss [11] is granted with prejudice. Civil case terminated.

### STATEMENT

Plaintiff Latonya Jackson brings this putative class action against Defendant, Kraft Heinz Foods Company. Defendant sells a product called "Bagel Bites" ("the Product"), frozen bite-size pizza bagels containing mozzarella cheese and tomato sauce, among other ingredients. Dkt. 1 ¶ 1. Plaintiff claims the Product's label is misleading to consumers because it omits that (1) starch, nonfat milk, and whey are added to the "REAL" mozzarella cheese, and (2) tomatoes are replaced with non-tomato thickeners including cornstarch. Id. ¶ 3. Plaintiff proposes an Illinois class and a multi-state class, including all persons in the States of Iowa and Arkansas.[1] Id. ¶ 96. Plaintiff asserts the following claims individually and on behalf the proposed classes: (1) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq.*; (2) violations of the Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class;

---

[1] The States in the proposed Consumer Fraud Multi-State Class are limited to those States with similar consumer fraud laws: Iowa (Consumer Fraud and Private Right of Action for Consumer Frauds Act, Iowa Code Ann. § 714.16 *et seq.*) and Arkansas (Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*). Dkt. 1 ¶ 96, n.6.

1

(3) breaches of express warranty, implied warranty of merchantability, and the Magnuson Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*; (4) negligent misrepresentation; (5) fraud; and (6) unjust enrichment. Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. 11. The Court notes this action is nearly identical to Lemke v. Kraft Heinz Food Co., No. 21-cv-278, 2022 WL 1442922 (W.D. Wis. May 6, 2022), which was decided by Judge William M. Conley of the United States District Court for the Western District of Wisconsin on a motion to dismiss presenting substantially the same arguments as those considered here.[2] Because Plaintiff has not plausibly pleaded a deceptive act, the Court grants Defendant's motion and dismisses each count with prejudice.

## I. BACKGROUND

Defendant manufactures, markets, and sells the Product with the following labeling:



Dkt. 1 ¶¶ 1, 6. Plaintiff complains specifically about the Product's label's unambiguous description of the product as "mini bagels with mozzarella, cheddar, Monterey Jack cheeses and tomato

---

[2] The Court notes further that the Western District of Wisconsin presumably has far more expertise in cheese and what reasonable cheese consumers expect in cheese products.

sauce." Id. ¶ 1. Plaintiff theorizes that the label promises consumers three cheeses, but the ingredient list shows they receive a "topping," consisting of a "cheese blend," cheddar cheese and Monterey Jack cheese. Id. ¶ 6. The "cheese blend" includes mozzarella as an ingredient. Id. Plaintiff complains that though the Product contains mozzarella cheese, the front label omits that it is combined with starch, nonfat milk, and whey to make a "cheese blend," and these "cheaper, filler" ingredients adulterate the cheese by reducing its milkfat. Id. ¶¶ 13-14. Plaintiff theorizes this omission is misleading because the "cheese blend" describes a lower quality, or imitation, mozzarella cheese and claims "the ingredient list fails to disclose that the Product does not contain mozzarella cheese." Dkt. 1 ¶¶ 7, 47-51. Plaintiff contends reasonable consumers do not expect starch, whey, and nonfat milk when promised "mozzarella" and "REAL" cheese, but rather expect mozzarella to mean cheese from milkfat. Id. ¶¶ 23-24, 42.

Plaintiff challenges the Product's label's use of the "REAL" dairy seal, a trademark owned by the National Milk Producers Federation ("NMPF"), which has a vetting process to authorize use of the REAL to third parties. Id. ¶¶ 26-30, 34. In a small box in the upper-right-hand corner, the Product's front label (left) displays the REAL seal (right) with the words "MADE WITH":

Defendant's Front Label                                      "REAL" Dairy Seal

 

Id. The REAL Seal can be used where a food contains dairy ingredients that meet federal standards of identity. Id. ¶ 36. Plaintiff alleges the Product does not qualify for the traditional REAL seal because the "cheese blend" contains starch, but Defendant "misappropriated" the original REAL Seal by adding the statement, "MADE WITH" the REAL Seal Id. ¶¶ 39-40. Plaintiff alleges nothing pertaining to NMPF's stance on Defendant's use of the REAL Seal. Plaintiff claims that the use of the REAL seal misleads consumers as to the quality of the Product. Id. ¶ 45.

Plaintiff suggests it is misleading to call the Product's tomato sauce, "tomato sauce," because it contains non-tomato thickening agents—specifically modified corn starch and methylcellulose—designed to give the impression the sauce contains more tomatoes than it does. Id. ¶¶ 55-65. Plaintiff suggests consumers of tomato sauce understand tomato sauce to be a tomato product that is not as thick as tomato puree but thicker than tomato juice, with flavor enhanced through herbs and spices. Id. ¶ 55. The USDA defines tomato sauce as "the concentrated product prepared from . . . whole tomatoes; [residue from preparing tomatoes for canning or from partial extraction of juice]; reconstituted or remanufactured tomato paste; or any combination of these ingredients to which is added salt and spices." Id. ¶ 56. The Product's "sauce" contains the following ingredients: water, tomato paste, invert cane syrup, modified corn starch, salt, methylcellulose, citric acid, potassium chloride, spice, yeast extract, natural flavor, and calcium lactate. Id. ¶ 6.

## II. STANDARD

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554-557 (2007). The complaint "must provide enough factual information to 'state a claim to relief that is plausible on its face' and 'raise a right

to relief above a speculative level.'" Doe v. Village of Arlington Heights, 782 F.3d 911, 914 (7th Cir. 2015) (quoting Twombly, 550 U.S. at 555, 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (cleaned up). In reviewing the Plaintiff's claim, the court must construe all of the plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor. Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

### III. DISCUSSION

Central to all of Plaintiff's claims is the notion that the Product's label misleads consumers by representing that the Product contains "mozzarella cheese," "REAL cheese," and "tomato sauce," but omitting that it contains additives. However, a product that says it contains mozzarella cheese and tomato sauce when the Product does, in fact, contain mozzarella cheese and tomato sauce is not misleading to the reasonable consumer simply because its label does not list its additives. Weaver v. Champion Petfoods USA Inc., 3 F.4th 927, 937 (7th Cir. 2021) ("[Defendant's] representations that its food is made with fresh regional ingredients are not clearly misleading—its food does, in fact, contain some ingredients that are fresh and sourced regionally."). Plaintiff's ultimate theory of deception fails because Plaintiff has not plausibly shown that the Product's label would mislead a reasonable consumer of the Product and because nothing about the Product's label is false, misleading, or deceptive as a matter of law. Ultimately, the Court finds all of Plaintiff's claims, each based on the same misconceived theory of deception, fail to plausibly state a claim upon which the Court may grant relief.

### A. Illinois Consumer Fraud and Deceptive Business Practices Act

The ICFA "protect[s] consumers . . . against fraud, unfair methods of competition, and other unfair and deceptive business practices." Robinson v. Toyota Motor Credit Corp., 201 Ill.2d

5

403 (2002). Deceptive or unfair practices include any "misrepresentation or the concealment, suppression or omission of any material fact." 815 ILCS 505/2. To survive a Rule 12(b)(6) motion, plaintiffs bringing deceptive conduct claims under the ICFA must allege with particularity that the "defendant committed a deceptive . . . act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." Vanzant v. Hill's Pet Nutrition, Inc., 934 F.3d 730, 736 (7th Cir. 2019) (citing Siegal v. Shell Oil Co., 612 F.3d 932, 934-35 (7th Cir. 2010)). Plaintiff must plausibly allege that the front labels likely lead a significant portion of reasonable consumers to falsely believe something that the back labels belie. Bell v. Publix Super Markets, Inc., 982 F.3d 468, 476 (7th Cir. 2020). What matters most is how real consumers understand and react to the advertising. Id.

Although an ICFA claim may "involve disputed questions of fact not suitable to a motion to dismiss, a court may dismiss the complaint if the challenged statement was not misleading as a matter of law." Iborrola v. Kind, LLC, 83 F. Supp. 3d 751 (N.D. Ill. 2015) (citing Bober v. Glaxo Wellcome PLC, 246 F.3d 934, 940 (7th Cir. 2001)). A court may find a statement is not misleading as a matter of law where plaintiff's claims are "fanciful interpretations of labels or other advertising." Bell, 982 F.3d at 477. A statement or label misleads when it conveys untrue information about a product, or when, although literally true, it implies something that is false. Bell, 982 F.3d at 479 (cleaned up); see e.g., Bober, 246 F.3d at 938 (statements claiming that drugs were different medications were not deceptive because that claim was "completely true").

Here, Plaintiff's claims fail because she has not plausibly pleaded that Defendant committed a deceptive act. Plaintiff challenges the label's unambiguous description of the Product as containing "mozzarella," "REAL" cheese, and "tomato sauce." Dkt. 1 ¶¶ 23-24, 55-65. These statements are deceptive, in Plaintiff's view, because they omit that the Product's cheese blend

6

and sauce also contain additives and thickening agents. Omission of any material fact can constitute deception. 815 ILCS 505/2; Bell, 982 F.3d at 479. However, while Plaintiff contends reasonable consumers do not expect starch, whey, and nonfat milk when promised "mozzarella" and "REAL" cheese (or thickening agents when promised "tomato sauce"), Plaintiff alleges nothing of what reasonable consumers of the Product, *i.e.* Bagel Bites, expect. Dkt. 1 ¶¶ 23-24, 55-65. Expectations differ when one purchases mozzarella cheese or tomato sauce alone, from when one purchases a frozen bagel pizza snack. It seems that when purchasing "junk food" (or "processed food," to use Defendant's term) like frozen pizza, the reasonable consumer would expect at least some "junk" (or "processed") ingredients. At the very least, any consumer would at first glance of the Product know that it is not pure mozzarella cheese or tomato sauce, but a frozen pizza bagel containing various other ingredients. To suggest that a reasonable consumer expects pure (*i.e.* without additives) mozzarella or tomato sauce when buying a bite-size frozen bagel pizza ignores the true nature of the product as a sum of pizza ingredients, including but not limited to, mozzarella and tomato sauce. Weaver, 3 F.4th at 937 ("[R]eferences to ingredients used do not imply that ingredient is used exclusively."). Such a suggestion is a fanciful interpretation of the Product's label that obfuscates who the real consumers are and how they would understand and react to the label. Bell, 982 F.3d at 477. Plaintiff has not plausibly pleaded the front label likely leads a significant portion of reasonable consumers to falsely believe something that the back label belies. Id. at 476.

Additionally, the Product contains, as its label suggests, mozzarella and tomato sauce (*i.e.* a "product prepared from . . . tomato paste[.]"), and is in fact "made with 'REAL' cheese" (*i.e.* "a food that contains dairy ingredients that meet federal standards of identity"). Dkt. 1 ¶¶ 6, 30, 36, 55-56; see 21 CFR § 133.157. Presumably, NPMF, which vets and authorizes third-party use of

its REAL Seal trademark, would have something to say were this not the case, but Plaintiff alleges nothing in that regard. While "true statements can have misleading implications," here, there is no implication beyond what the unambiguous description of the Product on the label actually says—that the Product contains mini bagels with mozzarella cheese (which is REAL cheese) and tomato sauce. Kraft, Inc. v. F.T.C., 970 F.2d 311, 322 (7th Cir. 1992) (enforcing FTC order to cease and desist advertising campaign claims which deceptively implied that consumers received the same amount of calcium contained in five ounces of milk by consuming product made with five ounces of milk). Because nothing on the label is untrue or implies something false, it cannot mislead as a matter of law. Bober, 246 F.3d at 938. Plaintiff's theory of deception is not plausible given (1) the nature of the Product and the reasonable expectations of its consumers, and (2) because of the truth of the statements on its label.

### B. <u>Out-of-State Consumer Fraud Acts; Common Law, and MMWA claims.</u>

Plaintiff's claims for violations of out-of-state consumer fraud statutes; breach of express warranty, implied warranty of merchantability, and MMWA; negligent misrepresentation; fraud; and unjust enrichment are each premised on the same theory of deception as her ICFA claim. Dkt. 1 ¶ 111 ("Defendant intended that Plaintiff and each of the other members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct[.]"); ¶ 114 ("The Product . . . expressly and impliedly warranted to plaintiff and class members that it contained mozzarella cheese, without added fillers, and tomato sauce thickened by tomatoes."); ¶ 124 ("Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions[.]"); ¶ 126 ("Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained mozzarella cheese, without added fillers, and tomato sauce thickened by tomatoes."); ¶ 130 ("Defendant obtained benefits and monies because the Product was not as

represented and expected[.]"). Accordingly, because the Product's labeling is not false, misleading, or deceptive as a matter of law, Plaintiff's other claims also fail. See Wach v. Prairie Farms Dairy, Inc., No. 21 C 2191, 2022 WL 1591715, at *6 (N.D. Ill. May 19, 2022) (finding that Plaintiff's common law and MMWA claims fail because they were premised on the incorrect assertion that the Product's labeling is false, deceptive, and misleading).

## IV. CONCLUSION

Plaintiff has not plausibly alleged a significant portion of reasonable consumers of the Product would be misled by the true and unambiguous statements on the Product's label, and an amendment to her pleadings cannot change that. Defendant's motion to dismiss is granted with prejudice. See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana, 786 F.3d 510, 520 (7th Cir. 2015) (A district court should generally grant leave to amend a complaint after granting a motion to dismiss unless any amendment would be futile.).

IT IS SO ORDERED:                                       ENTER:

 

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 3, 2022